# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**KEITH EDWIN KIRKWOOD**                                                              **PLAINTIFF**

**v.**                               **CIVIL ACTION NO. 4:17-CV-86-JHM**

**UNITED STATES OF AMERICA**                                                       **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Because *pro se* Plaintiff Keith Edwin Kirkwood is proceeding *in forma pauperis* under 28 U.S.C. § 1915, the Court must undertake a preliminary review of the complaint. *See* 28 U.S.C. § 1915(e); *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On preliminary review, Plaintiff will be given an opportunity to amend his complaint.

## I. SUMMARY OF CLAIMS

Plaintiff filed this action in the United States Court of Federal Claims. The Court of Federal Claims found that it lacked jurisdiction and transferred this case to this Court because Plaintiff resides in this district and the alleged actions complained of occurred here.

The complaint states that it is brought under 42 U.S.C. § 1983 "for mental [and] physical abuse of the local police department (local law enforcement)[;] violations of constitutional rights. Mistreatment." According to the complaint, Plaintiff was booked into the Hopkins County Jail on April 16, 2012.[1] Plaintiff states that that he was arrested, subjected to excess force and harassment, and incarcerated for three months "for having an umbrella and a screwdriver." Although the caption of the complaint indicates that the United States of America is the named Defendant, in the body of his complaint he states: "I'm filing a Section 1983 lawsuit against the local government and police force law [e]nforcement of Hopkins County."

---

[1] Plaintiff filed this action in the Court of Federal Claims on June 5, 2017.

The complaint states, "One morning, I walked out of the house with an umbrella and screwdriver only to be tased later by the Madisonville Police Department and taken to the Hopkins County Jail. (Excessive force). Being tased was not necessary in making my arrest." Plaintiff further alleges that once at the jail he was put directly into isolation for two months because of his mental illness, which he alleges is discrimination against the mentally ill. He also alleges that it is a human-rights violation to be kept in solitary confinement for a prolonged period of time.

Plaintiff further alleges that while in isolation he was not given his necessary medication for schizophrenia or ulcerative colitis, causing him to go into a psychotic state and routinely "get peppered sprayed and tied to a chair." He states that he also had a "major outbreak" of ulcerative colitis. He further alleges that the only "breaks" he received from "24/7 lockup" were the times he was pepper sprayed and tied to a chair. He states that he received one weekly shower; that it took three months to see his public defender and straighten things out with the judge; and that his mental condition "has deteriorated."

Plaintiff acknowledges that his claims may be barred by the statute of limitations but states that he believes that his case may fall under for two exceptions. The first exception Plaintiff points to is where the statute of limitations is extended based on a delay in the discovery of the injury or on the reasonable reliance on a trusted person. He states: "That person being NAMI – National Alliance of the Mentally Ill." The second exception he points to occurs if the plaintiff was under a disability, which Plaintiff states, "I most definitely have been."

Plaintiff asks for monetary relief.

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 608. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The only named Defendant is the United States of America. A complaint must set forth specific facts to explain how a defendant is personally responsible for the alleged injuries. *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985). Plaintiff's complaint fails to do so with regard to the

United States of America and, therefore, fails to state a claim upon which relief may be granted. *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (per curiam) (stating that personal involvement by the defendant is an essential element in a § 1983 cause of action asserting a constitutional deprivation). In any event, the United States may not be sued under § 1983. *See Int'l Islamic Cmty. of Masjid Baytulkhaliq, Inc. v. United States*, 981 F. Supp. 352, 365 (D.V.I. 1997) ("[T]he United States neither acts under color of state law, nor can it be considered a 'person' for purposes of section 1983."). The United States of America must be dismissed as a Defendant.

Although in the body of the complaint Plaintiff expresses his desire to bring this § 1983 action against "the local government and police force law [e]nforcement of Hopkins County," the Court finds that it would be futile to add the Madisonville Police Department and the Hopkins County Jail as defendants. Neither the Madisonville Police Department nor the Hopkins County Jail is a "person" subject to suit under § 1983 because municipal departments, such as police departments and jails, are not suable under § 1983. *See Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, the claims brought against them would be construed as against the City of Madisonville and Hopkins County. *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself).

When a § 1983 claim is made against a municipality, a court must analyze not only whether the plaintiff's harm was caused by a constitutional violation but also whether the

municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

There are no allegations in the complaint to suggest that a policy or custom by the Madisonville Police Department and/or the Hopkins County Jail caused the alleged constitutional violations. However, under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Therefore, the Court will afford Plaintiff an opportunity to amend his complaint to name particular employees of the Madisonville Police Department and the Hopkins County Jail in their individual capacities whom Plaintiff alleges were responsible for the constitutional violations.

## III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the claims against the named Defendant, the United States of America, are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **within 30 days** from the entry date of this Memorandum Opinion and Order, Plaintiff may file an amended complaint which names as Defendants employees of the jail and police department who allegedly violated his rights at the time of his arrest or while incarcerated. Plaintiff should sue these Defendants in their individual capacities and explain how each Defendant personally took actions that allegedly caused the deprivation of his constitutional rights.

The Court will conduct an initial review of Plaintiff's amended complaint pursuant to § 1915A. Should Plaintiff fail to file an amended complaint with the above information within the allotted amount of time, Plaintiff's complaint will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Plaintiff should also submit a completed summons form for each named Defendant **within the same 30-day period**.

The Clerk of Court is **DIRECTED** to send Plaintiff a § 1983 complaint form with this case number and the word "Amended" affixed thereto, as well as six blank summons forms.

Date: September 22, 2017

cc: Plaintiff, *pro se*
    Counsel of record
4414.009

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

6