UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

KEITH EDWIN KIRKWOOD                                                PLAINTIFF

v.                                                        CIVIL ACTION NO. 4:17-CV-86-JHM

UNITED STATES OF AMERICA                                        DEFENDANT

**MEMORANDUM OPINION AND ORDER**

On initial review of the complaint under 28 U.S.C. § 1915(e), the Court dismissed the United States, the only named Defendant, because the complaint made no allegations against the United States and because the United States may not be sued under 42 U.S.C. § 1983.[1] However, the Court gave Plaintiff an opportunity to amend his complaint to name particular employees of the Madisonville Police Department and the Hopkins County Jail in their individual capacities whom Plaintiff alleges were responsible for the alleged constitutional violations while he was a pretrial detainee.

In response, Plaintiff has filed three amended complaints. In his first amended complaint (DN 13), Plaintiff sues in their individual capacities the following employees of the Hopkins County Jail: Crystal G. Vickrey; Joe Blue; Jarrett Blackhurst; Jeremy McLaughlin; Tracy Griffith; Bradley Ross; and Gary Lutz. He alleges that in violation of the Fourth, Eighth, and Fourteenth Amendments Defendant Vickrey placed him in the restraint chair as punishment; that Defendants Blackhurst, McLaughlin, Griffith, and Ross placed him in a restraint chair and pepper sprayed him as punishment; that Defendant Griffith also tased him while in the restraint chair; and that Defendant Lutz "drive stun[ned]" him while in the restraint chair.

---

[1] The original civil-rights complaint in this action was filed in the United States Court of Federal Claims. That court granted Plaintiff leave to proceed *in forma pauperis* but transferred the case to this Court because the allegations concerned incidents occurring in this district.

"Because the [Eighth Amendment's] Cruel and Unusual Punishments Clause 'is concerned' with punishment by the state 'after it has secured a formal adjudication of guilt in accordance with due process of law,' it does not apply to pretrial detainees." *Spencer v. Bouchard*, 449 F.3d 721, 727 (6th Cir. 2006) (footnote and citations omitted), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). "However, state pretrial detainees are shielded from cruel and unusual punishments by the Fourteenth Amendment's Due Process Clause, which provides similar if not greater protections than the Cruel and Unusual Punishments Clause." *Id.* (footnote and citations omitted). Therefore, Plaintiff's claims do not fall under the Eighth Amendment. Thus, the Court will dismiss the Eighth Amendment claims against these Defendants but allow the Fourteenth Amendment and/or Fourth Amendment claims to go forward.[2]

With regard to Defendant Blue, Plaintiff asserts that he "was the jailer at the time I was incarcerated as a pre-trial detainee and is accountable for the jail staff's actions." This indicates to the Court that Plaintiff is attempting to hold Defendant Blue liable based on his supervisory position as jailer.

"*Respondeat superior* is not a proper basis for liability under § 1983."[3] *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006). "Nor can the liability of supervisors be based solely on the right to control employees, or simple awareness of employees' misconduct." *Id.* (internal quotations omitted). "In order for supervisory liability to attach, a plaintiff must

---

[2] It appears from the original complaint that Plaintiff was booked into the Hopkins County Jail on April 16, 2012. The earliest referenced date of an alleged constitutional violation is April 21, 2012, although he also alleges that when he arrived at the Hopkins County Jail he was put directly into isolation. It is unclear when a probable-cause hearing was held. The Court therefore does not know whether the Fourth or Fourteenth Amendment applies. *See Aldini v. Johnson*, 609 F.3d 858, 867 (6th Cir. 2010) ("setting the dividing line between the Fourth and Fourteenth Amendment zones of protection at the probable-cause hearing").

[3] *Respondeat superior* is "the doctrine under which liability is imposed upon an employer for the acts of his employees committed in the course and scope of their employment." Ballentine's Law Dictionary (3d ed. 1969).

prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'" *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). In other words, "liability under § 1983 must be based on active unconstitutional behavior." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Here, Defendant Blue cannot be held liable based solely on his capacity as jailer. *See Curtis v. Curtis*, 37 F. App'x 141, 142 (6th Cir. 2002) (affirming district court's dismissal of individual-capacity claims against jailer based on his position of authority). The claims against Defendant Blue will be dismissed.

The second amended complaint (DN 14) filed by Plaintiff again names as Defendants the City of Madisonville and the Hopkins County Government.

The constitutional claims against the City of Madisonville and the Hopkins County Government must be dismissed because Plaintiff does not allege a policy or custom. As was explained in the Court's prior Memorandum Opinion and Order (DN 12), a municipality, like the City of Madisonville or Hopkins County, cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Because Plaintiff has not alleged that a policy or custom was the moving force behind the alleged constitutional violations, he has failed to state a claim against these Defendants. *See Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994).

The Court additionally notes that Plaintiff also alleges that the use of pepper spray and restraint chair as punishment is not allowed under "international rights." There is nothing

international about the allegations described herein. All parties reside in and the alleged incidents occurred in Kentucky.

Moreover, to the extent that Plaintiff may be alleging his rights under the Universal Declaration of Human Rights (UDHR) have been violated, such a claim would also fail. The UDHR is not a treaty or international agreement which imposes legal obligations. Rather, it is a statement of principles aimed at providing a common standard for international human rights. *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 734-35 (2004). Because it is not enforceable in American courts, any claims under the UDHR would be subject to dismissal, as well.

Plaintiff's third amended complaint (DN 15) again names as Defendants the City of Madisonville and Hopkins County, as well as Madisonville police officers Russell Nichols and Scott Gipson. He alleges that Officer Gipson came to his home, searched his vehicle, and took a 38 pistol from "the console of [his] car . . . (4th Amendment)." Plaintiff alleges that Defendant Nichols unnecessarily tased him during his arrest in violation of the Fourth Amendment. He alleges that the City of Madisonville and Hopkins County are responsible for "the deprivation of rights involving county and city employees." Once again, Plaintiff has not identified a policy or custom of the City of Madisonville or the Hopkins County Government, and the constitutional claims against them may not proceed. The Court will allow Plaintiff's Fourth Amendment claims to go forward against Defendants Nichols and Gipson in their individual capacities.

Accordingly, **IT IS ORDERED** that the claims against Joe Blue, the City of Madisonville, and Hopkins County, as well as the Eighth Amendment claims, are **DISMISSED** for failure to state a claim.

The Clerk of Court is **DIRECTED** to terminate Joe Blue, the City of Madisonville, and Hopkins County as parties to this action.

4

The Court will allow the following claims to go forward: the individual-capacity claims against Defendants Vickrey, Blackhurst, McLaughlin, Griffith, Ross, and Lutz under the Fourteenth and/or Fourth Amendments and the individual-capacity claims against Defendants Nichols and Gipson under the Fourth Amendment. In allowing these claims to go forward, the Court expresses no opinion on their ultimate merit.

Therefore, **IT IS FURTHER ORDERED** as follows:

(1) The Clerk of Court shall issue summons and effect service of process on Defendants, by way of the U.S. Marshals Service in accordance with Rule 4 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(c)(3).

(2) The parties shall serve upon each party, or their counsel, a copy of each document filed in this action as required by the Federal Rules of Civil Procedure, including a certificate of service stating the date on which a copy was sent to opposing parties. Any paper received by the Court which has not been filed with the Clerk, or which fails to include a certificate of service, **may be disregarded** by the Court.

(3) Plaintiff must provide written notice of a change of address to the Clerk and to Defendants' counsel. *See* Local Rule 5.2(e).

(4) Plaintiff's failure to notify the Clerk of any address change or failure to comply with this or any subsequent Order of the Court **may result in a dismissal of this case**.

Date: November 6, 2017

cc: Plaintiff, *pro se*
    Defendants
4414.009

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**