# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

CIVIL ACTION NO. 4:17-CV-00086-JHM

KEITH EDWIN KIRKWOOD                                                  PLAINTIFF

v.

CRYSTAL VICKERY, et al.                                            DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion to dismiss by defendants Crystal Vickery, Jarrett Backhurst, Jeremy McLaughlin, Tracy Griffith, Bradley Ross, Gary Lutz, Scott Gipson, and Russell Nichols. (DN 24.) Fully briefed, this matter is ripe for decision.

### I. BACKGROUND

Plaintiff Kirkwood originally filed a complaint in the United States Court of Federal Claims, naming the United States as the sole defendant. (DN 7.) However, the facts in the complaint largely pertained to events occurring in Hopkins County, Kentucky, and accused many of the defendants now presently in this action of violating Kirkwood's constitutional rights. (*Id.*) The Court of Federal Claims transferred the case to this Court (DN 7-3), and the complaint was dismissed on preliminary review for failing to state a claim. (DN 12.) Kirkwood was granted leave to amend his complaint, which he has done by filing three amended complaints.[1]

The first amended complaint is against employees of the Hopkinsville County Jail: Vickery, Backhurst, McLaughlin, Griffith, Ross, Lutz, and Joe Blue. (DN 13.) Kirkwood alleges that these defendants violated his constitutional rights when they placed him in a

---

[1] The Court believes Kirkwood intended for these three amended complaints to be read collectively, rather than for the third to supersede the first and second, as they name different defendants and assert different theories of liability. Therefore, all three amended complaints will be considered in assessing Kirkwood's allegations.

restraining chair, used pepper spray on him, placed him in isolation, and denied him his medication for schizophrenia while he was in custody from April 16, 2012, to June 22, 2012. (*Id.*) The second amended complaint is against the City of Madisonville and Hopkins County. (DN 14.) Kirkwood alleges that these governmental entities are liable for the constitutional violations that occurred in the jail, as well as those that occurred when he was arrested the morning of April 16, 2012. (*Id.*) The third amended complaint is also against the City of Madisonville and Hopkins County, as well as two Madisonville Police Officers: Russell Nichols and Scott Gipson. (DN 15.) Kirkwood alleges that these defendants violated his constitutional rights when they searched his car, seized a firearm from it, tased him, and arrested him. (*Id.*)

The Court reviewed the amended complaints pursuant to 18 U.S.C. § 1915A and dismissed all claims against the City of Madisonville, Hopkins County, and Blue.[2] (DN 16.) All remaining defendants have now moved to dismiss all claims against them, as Kirkwood has not brought these claims within the applicable statute of limitations.

## II. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiffs," *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true," *id.*, and determine whether the "complaint . . . states a plausible claim for relief.*"* *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for its entitlement to relief, which "requires more than labels

---

[2] During the pendency of the motion to dismiss, Kirkwood filed two letters with the Court. (DN 31, 32.) Based upon the content of these letters, the Court construes them as motions for reconsideration of the Court's dismissal of the claims against the City of Madisonville, Hopkins County, and Blue on initial review. The Court **DENIES** these motions. While Kirkwood points out that there are theories under which a municipality or supervisor can be held liable for the constitutional violations of their employees, the fact remains that Kirkwood did not sufficiently plead these theories in his complaint. Therefore, his claims against the City of Madisonville, Hopkins County, and Blue were properly dismissed. If Kirkwood seeks to file any more motions, he must properly label his filings as such.

and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." *Id*. at 678–79. Instead, a complaint "must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id*. at 677 (quoting Fed. R. Civ. P. 8(a)(2)). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. DISCUSSION

The defendants argue that all of Kirkwood's remaining claims should be dismissed, as they fall outside the applicable statute of limitations. "In Kentucky, § 1983 claims are governed by the one-year statute of limitations contained in [KRS §] 413.140(1)(a)[.]" *Gray v. Lexington-Fayette Urban Cty. Gov.*, 2013 WL 3322609, at *3 (E.D. Ky. July 1, 2013) (citing *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990)). Kirkwood alleges that the defendants violated his constitutional rights in 2012, and he brought the present action in 2017. Thus, it is clear from the face of the complaints that Kirkwood has not brought his claims within the one-year statute of limitations.

However, Kirkwood argues that there are two grounds upon which the statute of limitations should be tolled so as to allow his claims to proceed. He argues that he justifiably relied on the advice of another as to when he must bring his claims and that he was under a disability when his claims accrued. Because the defendants have raised the statute of limitations

3

as an affirmative defense through a motion to dismiss, as opposed to summary judgment, Kirkwood need not offer proof at this time as to whether the statute should be tolled. *See Anderson v. City of E. Cleveland*, 2013 WL 1910410, at *3 (N.D. Ohio May 8, 2013) ("When deciding a motion to dismiss under Federal Civil Rule 12(b)(6), the function of the Court is to test the legal sufficiency of the Complaint") (citations omitted). Instead, Kirkwood's claims may proceed if he has plausibly alleged the grounds upon which he seeks to toll the statute of limitations, providing specific facts to support his argument. *See Horn v. City of Covington*, 2015 WL 4042154, at *14 (E.D. Ky. July 1, 2015) (because defendants raised statute of limitations in a motion to dismiss, "the Court looks to Horn's Amended Complaint to see if the facts alleged could lead to a plausible showing of unsound mind" to toll the statute).

Beginning with his argument that he justifiably relied on the advice of another as to when he must bring his claims, Kirkwood has not plausibly alleged any facts upon which the Court could toll the statute of limitations. In his second amended complaint, Kirkwood asks the Court to consider "[t]he exception on the grounds of 'delay in discovery of the injury or on the reasonable reliable on a trusted person' (that trusted person being NAMI, National Alliance of the Mentally Ill." (DN 14, at 6.) However, Kirkwood does not include any facts that would plausibly show his reliance on the advice of another. He does not state, for example, who exactly NAMI is, what his relationship with it was, what advice they gave him in regards to when he must bring his claims, and why he trusted their advice. He has only offered the legal conclusion that he is entitled to tolling under the "reasonable reliance on a trusted person" exception, and '[t]he Court is not bound to accept as true a legal conclusion couched as a factual allegation." *Anderson*, 2013 WL 1910410, at *3 (quotations and citations omitted). Therefore, the Court will not toll the statute of limitations under this exception.

However, Kirkwood has pled facts that plausibly show he was under a disability at the time his claims accrued. In Kentucky,

> If a person entitled to bring [an] action . . . was, at the time the cause of action accrued, an infant or of unsound mind, the action may be brought within the same number of years after the removal of the disability or death of the person, whichever happens first, allowed to a person without the disability to bring the action after the right accrued.

KRS § 413.170(1). In his second amended complaint, Kirkwood states that he "was under a disability at the time the cause of action accrued." (DN 14, at 6.) However, Kirkwood has also alleged specific facts that demonstrate he may have been of "unsound mind" at that time. He alleges that he suffers from schizophrenia, was denied his medication while in custody, and was placed in isolation for nine weeks. (DN 13, at 4.) These facts are sufficient to allege that Kirkwood was of unsound mind when his claims accrued. For the claims arising from his arrest, Kirkwood has alleged that his unsound mind was from his pre-existing schizophrenia. And for the claims arising from his treatment while in custody at the jail, he has alleged that a combination of his schizophrenia, the denial of his medication, and his extended stay in isolation made him of unsound mind at that time. *See Powell v. Jacor Comms. Corp.*, 320 F.3d 599, 603 (6th Cir. 2003) (holding that "a mental condition caused by the very injury giving rise to the cause of action can be used to toll the statute of limitations" under Kentucky's "unsound mind" statute). The Court finds that these facts plausibly allege that Kirkwood was "incapable of managing [his] own affairs" at the time his claims accrued. *Se. Ky. Baptist Hosp., Inc. v. Gaylor*, 756 S.W.2d 467, 469 (Ky. 1988) (establishing standard for what constitutes an "unsound mind"). *Compare with Tidaback v. City of Georgetown*, 2017 WL 1217165, at *5 (E.D. Ky. Mar. 31, 2017) (finding "Plaintiff's vague allegation of temporary memory loss . . . insufficient to support

tolling the limitations period of her § 1983 claims due to 'unsound mind'"). As such, dismissal under 12(b)(6) would be inappropriate.

The Court notes, however, that Kirkwood must do more than allege he was of unsound mind when his claims accrued if he is to ultimately prevail on his claims. "Once the statute of limitations is raised [as a defense], the burden falls on the complainant to prove such facts as would toll the statute." *Gaylor*, 756 S.W.2d at 469. As this case proceeds, Kirkwood will ultimately bear the burden of proving that he was of unsound mind. *See Horn*, 2015 WL 4042154, at *15 (finding plaintiff met burden of "pointing to evidence in the record upon which a reasonable juror could find that he has suffered from unsound mind," as he offered doctors' opinions, medical records, and affidavits from those close to him as proof of his condition). But because he has plausibly alleged that he suffered from an unsound mind, the Court will deny the motion to dismiss.

### IV. CONCLUSION

Therefore, for the reasons stated above, the motion to dismiss by defendants Crystal Vickery, Jarrett Backhurst, Jeremy McLaughlin, Tracy Griffith, Bradley Ross, Gary Lutz, Scott Gipson, and Russell Nichols (DN 24) is **DENIED**.

*Joseph H. McKinley*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

March 6, 2018

cc: counsel of record
   Keith Edwin Kirkwood, pro se

6