UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO: 4:17-CV-00086-JHM

KEITH EDWIN KIRKWOOD                                                               PLAINTIFF

V.

CRYSTAL VICKERY, JARRETT BACKHURST,
JEREMY MCLAUGHLIN, TRACY GRIFFITH,
BRADLEY ROSS, GARY LUTZ, SCOTT GIPSON, and
RUSSELL NICHOLS                                                                    DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Motions for Summary Judgment filed by two separate groups of Defendants. The first group of Defendants consists of Crystal Vickery, Jarrett Backhurst, Jeremy McLaughlin, Tracy Griffith, Bradley Ross, and Gary Lutz. [DN 56]. The second group of Defendants consists of Scott Gipson and Russell Nichols. [DN 57].[1] Fully briefed, these matters are ripe for decision. For the following reasons, Defendants' Motions for Summary Judgment are **GRANTED**.

### I. BACKGROUND

Plaintiff, Keith Kirkwood, is a former inmate at Hopkinsville County Jail ("the Jail"). Mr. Kirkwood alleges that the employees at the Jail—Crystal Vickery, Jarrett Backhurst, Jeremy McLaughlin, Tracy Griffith, Bradley Ross, and Gary Lutz—violated his Fourth and Fourteenth Amendment rights when they placed him in a restraining chair, used pepper spray on him, placed him in isolation, and denied him his medication for schizophrenia while he was in custody from April 16, 2012, to June 22, 2012. [DN 13]. Mr. Kirkwood also alleges that two Madisonville Police

---

[1] The two separate motions for summary judgment are considered together. Accordingly, the two groups of defendants are collectively referred to as "the Defendants."

Officers, Russell Nichols and Scott Gipson, violated his Fourth Amendment rights on April 16, 2012, when they searched his car, seized a firearm from it, tased him, and arrested him. [DN 15].

Mr. Kirkwood originally filed a complaint in the United States Court of Federal Claims, naming the United States as the sole defendant. [DN 7]. However, the action was transferred to this Court because the facts concerned events occurring in Hopkins County, Kentucky. [DN 7-3]. Mr. Kirkwood's original complaint was dismissed on preliminary review for failing to state a claim [DN 12], but he was granted leave to amend his complaint.

Mr. Kirkwood filed three separate amended complaints which the Court considered as a single collective amended complaint. [DN 33 at 1 n.1]. The Court reviewed the amended complaints pursuant to 28 U.S.C. § 1915 and dismissed all claims against three defendants—Joe Blue, the City of Madisonville, and Hopkins County. [DN 16]. All remaining defendants then moved to dismiss all claims against them arguing that Mr. Kirkwood failed to bring the claims within the applicable statute of limitations. [DN 24]. The Court found, however, that Mr. Kirkwood had pled facts that plausibly showed he was under a disability at the time his claims accrued. [DN 33 at 5]. In so finding, the Court noted that Mr. Kirkwood would ultimately bear the burden of proving he was of unsound mind. [*Id.* at 6].

The Defendants now move for summary judgment advancing the same argument made in the Motion to Dismiss—that Mr. Kirkwood's claims are barred by the statute of limitations. [DN 56-1 at 7–10, DN 57-1 at 5–9]. In his Response to the Motion for Summary Judgment, Mr. Kirkwood briefly explains that the statute of limitations in his case did not begin to run until he became aware of his injury and that his mental illness is not merely a part-time impairment. [DN 62 at 3]. The Defendants filed their Replies arguing that Mr. Kirkwood's failure to produce evidence

to establish he was of unsound mind is dispositive of the Motions and that summary judgment is appropriate. [DN 63 at 2–3, DN 64 at 3–4].

## II.  STANDARD OF REVIEW AND LAW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying the portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

Assuming the moving party satisfies its burden of production, the nonmovant "must—by deposition, answers to interrogatories, affidavits, and admissions on file—show specific facts that reveal a genuine issue for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Celotex*, 477 U.S. at 324). "[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact which requires the denial of a motion for summary judgment." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). "The pivotal question is whether the party bearing the burden of proof has presented a jury question as to each element in the case." *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The evidence of the non-moving party is to be believed, *Anderson*, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the Court must be drawn in favor of the opposing party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

However, the fact that a plaintiff is pro se does not lessen his obligations under Rule 56. "The liberal treatment of pro se pleadings does not require the lenient treatment of substantive law,

and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage." *Johnson v. Stewart*, No. 08-1521, 2010 U.S. App. LEXIS 27051, at *7 (6th Cir. May 5, 2010) (internal citations omitted). The Sixth Circuit has made clear that, when opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings and that a party's "status as a pro se litigant does not alter [this] duty on a summary judgment motion." *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010); *see also United States v. Brown*, 7 F. App'x 353, 354 (6th Cir. 2001) (affirming grant of summary judgment against a pro se plaintiff because he "failed to present any evidence to defeat the government's motion"). However, statements in a verified complaint that are based on personal knowledge may function as the equivalent of affidavit statements for purposes of summary judgment. *Weberg v. Franks*, 229 F.3d 514, 526 n.13 (6th Cir. 2000); *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992).

### III. DISCUSSION

As was argued at the motion to dismiss stage, the Defendants maintain that Mr. Kirkwood's claims should be dismissed as they fall outside the applicable statute of limitations. [DN 56 at 7–10, DN 57 at 5–9]. The incidents underlying Mr. Kirkwood's complaint occurred in 2012, but Mr. Kirkwood did not bring the present action until 2017. [DN 13, DN 15]. "In Kentucky, § 1983 claims are governed by the one-year statute of limitations contained in [KRS §] 413.140(1)(a)[.]" *Gray v. Lexington-Fayette Urban Cty. Gov.*, 2013 WL 3322609 (E.D. Ky. July 1, 2013) (citing *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990)). As such, Mr. Kirkwood's claims were not brought within the one-year statute of limitations.

However, Mr. Kirkwood asserts that because he suffered from a disability at the time his claims accrued, the statute of limitations was tolled and his claims for violation of his constitutional rights may proceed. [DN 62 at 3]. Mr. Kirkwood relies on KRS § 413.170(1) which provides the

4

tolling rules for actions involving individuals who are mentally disabled. The statute states, in relevant part:

> If a person entitled to bring [an] action . . . was, at the time the cause of action accrued, an infant or of unsound mind, the action may be brought within the same number of years after the removal of the disability or death of the person, whichever happens first, allowed to a person without the disability to bring the action after the right accrued.

The statute's use of the term "unsound mind" has been construed "by the Kentucky Supreme Court to mean that the person claiming the disability must show that he or she has been rendered incapable of managing his or her own affairs." *Shinnick v. Ram Kabir, LLC*, 2016 U.S. Dist. LEXIS 104763, at *4 (W.D. Ky. Aug. 9, 2016) (quoting *Osborne v. Quesenberry*, 2005 U.S. Dist. LEXIS 27018, at *11–12 (E.D. Ky. 2005) (internal quotation marks and citation omitted). Such a showing does not "require that the person be insane or adjudged as such." *Id.* (citing *Green v. Floyd Cty.*, 803 F. Supp. 2d 652, 654 (E.D. Ky. 2011); *Carter v. Huffman*, 262 S.W.2d 690, 692 (Ky. 1953)).

At the summary judgment stage, once the statute of limitations issue is raised, the Plaintiff must prove facts that would toll the statute. *See Se. Kentucky Baptist Hosp. v. Gaylor*, 756 S.W.2d 467 (Ky. 1988). If the Plaintiff provides sufficient facts, then the issue—whether Mr. Kirkwood was of such unsound mind to warrant tolling the statute of limitations on his § 1983 claim—becomes one for the jury. *See Shinnick*, 2016 U.S. Dist. LEXIS at *4 (citing *Carter*, 262 S.W.2d at 692).

Mr. Kirkwood's alleged injuries and lack of medical care occurred between April 16, 2012 and June 22, 2012. As such, it is Mr. Kirkwood's burden to show evidence that he was of unsound mind on June 22, 2012—the last date of his injuries—and that this disability lasted until at least June 7, 2016—one year before he filed his first Complaint.

Mr. Kirkwood failed to provide the Court with any evidence as to his mental condition other than the unverified allegations contained in his Amended Complaint and Response to the Motions

5

for Summary Judgment. In his Response, Mr. Kirkwood merely states: "When a person has a mental illness he is always mentally impaired. Mental impairment is not a part-time thing but a 100% of the time thing. It is the state of being in psychosis that is a part-time thing." [DN 62 at 3]. There is no other proof offered by Mr. Kirkwood. There is no declaration or affidavit from any treating physician or any other witness which would indicate that Mr. Kirkwood was of such unsound mind as to render him incapable of managing his own affairs until June 2016. *Compare Gaylor*, 756 S.W.2d at 469 (stating that the evidence offered by the respondent was "extremely sparse" and concluding that the single letter offered by the respondent as to her mental condition was insufficient to satisfy her burden), *with Shinnick v. Ram Kabir, LLC*, 2016 U.S. Dist. LEXIS 104763, at *7 (W.D. Ky. Aug. 9, 2016) (finding that the Plaintiff presented sufficient evidence to raise a factual dispute as to his unsound mind when he submitted affidavits from each of his three children and his sister as to his mental condition). That being the case, Mr. Kirkwood failed to present specific facts that reveal a genuine issue for trial. *See Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

On the other hand, despite not having the burden of proof as to the statute of limitations issue, the Defendants presented substantial evidence that Mr. Kirkwood was capable of managing his own affairs long before June 2016. The Defendants rely on both a Criminal Competency Evaluation conducted in July–August 2012 as well as the deposition of Mr. Kirkwood to support the position that Mr. Kirkwood did not continually suffer from a disability such that the tolling of the statute of limitations is warranted.

The Court warned Mr. Kirkwood about the danger of failing to provide evidentiary support of his claim that the statute of limitations was tolled due to his suffering from a disability: "[Mr.] Kirkwood must do more than allege he was of unsound mind when his claims accrued if he is to

ultimately prevail on his claims." [DN 33 at 6]. Mr. Kirkwood did no more than reallege his unverified statement that he has a mental illness and that it prevented him from knowing of the incidents giving rise to this action. [DN 62 at 3]. Unfortunately for Mr. Kirkwood, unsupported allegations, even as a pro se litigant, are insufficient to defeat a motion for summary judgment. Accordingly, the Court finds that Mr. Kirkwood has failed to demonstrate that he was of an "unsound mind" or was incapacitated for four years following the accident so as to toll the one-year statute of limitations applicable to § 1983 actions in Kentucky. Accordingly, all of Mr. Kirkwood's constitutional claims brought pursuant to § 1983 are time-barred and summary judgment is appropriate.

## IV. Conclusion

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendants' Motions for Summary Judgment [DN 56, DN 57] are **GRANTED**.

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

June 24, 2019

cc: counsel of record
  Keith Kirkwood